CONRAD (HAZLETT v.). See Case No. 6,-288.

CONRAD v. UNITED STATES. See Case No. 3,097.

CONSEQUA (FISHER v.). See Case No. 4,-816.

CONSEQUA (GILPINS v.). See Case No. 5,-452.

CONSEQUA (READ v.). See Cases Nos. 11,-606 and 11,607.

---

## Case No. 3,128.

### CONSEQUA v. WILLINGS et al.

### WILLINGS et al. v. CONSEQUA.[1]

[Pet. C. C. 225.][2]

Circuit Court, D. Pennsylvania. April Term, 1816.

PROOF OF FOREIGN LAW — PROVINCE OF COURT AND JURY—BREACH OF CONTRACT—MEASURE OF DAMAGES—CUSTOM AND USAGE—INTEREST—NEW TRIAL.

1. The written laws of foreign countries, must be proved by the laws themselves, if they can be procured; if not, inferior evidence of them may be received. The unwritten laws or usages of such countries, may be proved by parol; and when proved, the court have the right to construe them, and decide on their effect.

2. The court may give an opinion to the jury upon the weight of evidence, or they may decline so to do; and if the evidence is doubtful, it is most proper to leave it to the jury.
[Cited in Charter Oak Life Ins. Co. v. Rodel, 95 U. S. 238.]

3. The rate of damages to be recovered for a breach of contract, is a part of the right to which the injured party is entitled, and is distinct from the remedy for enforcing his claims. In the former case, the lex loci of the place where the contract is made or broken prevails; in the latter, the lex loci of the forum where the remedy is provided, operates.

4. When a usage is so proved, as to leave no doubt of its existence, it becomes a part of the law; and the court will decide on it as such, without requiring it to be again proved.

5. Rate of interest in China.

6. The jury being impanelled to try three causes, the plaintiff in one of them gave evidence applicable to a case in which he was not a party, but which affected his own case, to his advantage: the court granted a new trial in all the cases.

These actions [by Consequa against Willings and Francis and others, and by Willings and Francis against Consequa] were tried in 1815, at the October sessions of this court, and verdicts were given in favour of the claims of Messrs. Willings and Francis and others, and against those of Consequa, a Hong merchant of Canton; although, upon adjusting the accounts between the parties, according to the verdicts, a balance of five thousand dollars was due to Consequa. A rule was obtained at the last sessions by Consequa, to show cause why a new trial should not be granted, for the following reasons: First, that the court ought not to have left it to the jury to decide, what was the usage or the law of Canton, in relation to the construction of the contracts made in these cases, or to the measure of damages to be paid for a breach of those contracts. Secondly, that the verdict upon the point so submitted to the jury, is against the weight of the evidence. Thirdly, that in relation to the usage at Canton, the verdict was founded upon incompetent evidence. Fourthly, that the jury allowed interest on the damages claimed from Consequa.

Upon the first point it was contended, that the jury are alone competent to decide upon the credit of witnesses, called to prove what is the law or usage of a foreign country; yet it belongs to the court to decide, what is the law so proved, and in what manner it is to be construed. That it is the exclusive province of the court to decide upon the weight of evidence, and the fact which is proved by it, if the witnesses called to prove it are believed by the jury; but in this case the whole was left to the jury.

Secondly, it was proved by the depositions of four witnesses, that where a purchase is made by examination of the samples, sent to the supercargo, the Hong merchant is not liable to damages; unless the purchaser can prove, that the teas furnished were inferior in quality to the samples, which was not attempted in this case. The only circumstance relied upon, to contradict this evidence, was, the settlement made by Consequa for one cargo, which had been examined by the supercargoes; without making the rule proved by the witnesses, an objection. But this settlement might have been made upon the ground of compromise, and was not sufficient to outweigh the positive evidence of four witnesses.

Thirdly, the only evidence attempted to be given to prove a rule of compensation, dif-

---

[1] See Pet. C. C. 172 [Case No. 17,766].

[2] [Reported by Richard Peters, Jr., Esq.]

ferent from the general one laid down in the case of Gilpin v. Consequa [Case No. 5,-452], was a settlement made by Consequa, in relation to the cargo of the Ganges, and his promise as to the Asia's cargo. This settlement was proved by Mr. Kuhn, who was plaintiff in one of the causes, and consequently was swearing in his own cause; since by giving testimony to prove the usage of Canton, to avail in the causes in which he had no interest, he established it in his own cause, and in fact had all the advantage of his own evidence.

Fourthly, upon this point the following cases were cited: 3 Caines, 234; 2 Salk. 623; 2 Bay, 233; 2 Call, 358; 7 Johns. 213; 5 Johns. 45; 1 Campb. 50; 3 Caines, 48; [Phelps v. Holker] 1 Dall. [1 U. S.] 264; [Olney v. Arnold] 3 Dall. [3 U. S.] 313; Doug. 376; Walker v. Smith, 4 Dall. [4 U. S.] 389; Barnes' Notes Cas. 445; 2 Salk. 647.

Lastly, it was also contended, that as to remedies, and damages, the lex loci where the suit is brought, and not where the contract is made, is to govern. 3 Johns. 268; 2 Burrows, 1084.

As to the first point it was answered; that the usage of trade and foreign laws, are to be proved like any other fact; and, consequently, it belongs to the jury, to decide whether they are proved or not. As to the construction of foreign laws, when proved, it was admitted that the court is to decide upon them. But the only point as to this matter, was, whether the conduct of Consequa proved the usage or not, and this was properly left to the jury. No question of construction arose in the cause.

Secondly, the witnesses relied upon to prove the usage, such as is contended for, do by no means establish any thing like it. Their evidence was expressly confined to cases where no express contract was made. If in the face of a contract, to furnish teas of the first quality, inferior teas may be palmed upon the purchaser, because he has examined them, to see whether they were of that quality or not; where would be the use of making an express contract, since it appears by the evidence, that they are always examined; and that without doing so, the grossest impositions may be practiced? Kuhn's evidence was not alone relied upon, to prove the settlement made by Consequa, in relation to the cargo of the Ganges. Wharton also proved the same fact. But, even if the jury were influenced by Kuhn's evidence, still it was unexceptionable, as it applied to two of the cases; and, if it has sufficiently established the usage, the court will not set aside the verdict in those cases, because that in which he was interested, was founded upon improper evidence.

A number of cases were cited, to show that interest was allowed on damages arising from a breach of contract, though not liquidated, if there exist a rule by which they are capable of certain liquidation.

Walker v. Smith, 4 Dall. [4 U. S.] 389; 3 Caines, 266; [Crawford v. Willing] 4 Dall. [4 U. S.] 289; 4 Mass. 108; 2 Mass. 433; 1 Johns. 315, 65; 2 Johns. 280; 8 Johns. 446. But if interest ought not to have been allowed on these damages, still Consequa has not been injured, since the jury have improperly given him twelve per cent. interest on the debt due to him by the defendants, and that being disallowed, the verdict would be so nearly what it now stands, that the court will not, for a trifling difference, direct a new trial. The reason why Consequa was not entitled to interest, is, that Willings and Francis, and the other plaintiffs, attached this debt in their own hands, to answer the damages to which they were entitled, and no rule of law is more clear, than that after an attachment is laid, interest in the hands of the garnishee stops. [Fitzgerald v. Caldwell] 2 Dall. [2 U. S.] 215; Serg. Attachm. 108.

Whether a creditor can lay an attachment in his own hands, is a question which has been argued in the case of Graighle and Notnagle; and if the court should decide that he may, the principle will apply to this case, the plaintiffs in the attachment having succeeded in those suits. If it be objected, that by the agreement of the parties in those suits, Consequa was permitted to enter an appearance in one of them, without bail; and that he has given bail in the others, by which the attachments were dissolved, still the plaintiffs in the attachments were justified in retaining the money, until their claims for damages should be decided; and besides this, the agreement recognises this right to retain. Upon the last point the cases noted below were cited: [Church v. Hubbart] 2 Cranch [6 U. S.] 187; 3 Johns. 105, 1 Emer. 122; 1 Johns. Cas. 140; 1 Caines, 402; 3 Johns. 268.

Binney & Ingersoll, for the rule.
Rawle & Sergeant, against it.

WASHINGTON, Circuit Justice. The written or statute laws of foreign countries, are to be proved by the laws themselves, if they can be procured; if not, inferior evidence of them may be received. The unwritten laws or usages may be proved by parol evidence, and when proved, I admit that it is for the court to construe them, and to decide upon their effect. Whether the law or usage is sufficiently proved or not, is a question, upon which the court may express an opinion or not, as may seem proper. I have always thought, that the court may give an opinion upon the weight of evidence, if it be believed by the jury; because upon a motion for a new trial, upon the ground of the verdict being against evidence, the court must decide whether it be so or not: and it would seem to follow, that the same opinion might have been expressed to the jury on the trial. But the court may decline to give an opinion to the

jury, upon the weight of evidence; and if it be doubtful, it is in general most proper to leave it to the jury. There is certainly no error in the court pursuing this latter practice, and it is even doubted, by very great authority, whether the court ought, in any case. to express an opinion, whether a particular fact is proved or not. I do not concur in that sentiment, nor have I acted in conformity with it, although I am clearly of opinion, that the court is not bound to give an opinion in such a case. The present case was precisely within the distinction above stated. The rule laid down in the case of Gilpins v. Consequa [Case No. 5,-452] was conceived by the court to be the general rule of compensation, in cases of this kind. But, if according to the usage of this trade at Canton, a different rule prevails there, the court was of opinion, in the present cases, that that rule was incorporated into the contract, and ought to prevail here. This is still my opinion. The rate of damages to be recovered for a breach of contract, is a part of the right to which the injured party is entitled, and it is totally distinct from the remedy provided for enforcing it. In the former case, the lex loci, where the contract was made or broken, is to prevail; in the latter, the lex loci of the forum, where the remedy is provided.

In this case, the only evidence of a usage different from the general rule, was the settlement made by Consequa of the damages claimed on the cargo of the Ganges; and his promise to settle the claims arising from the cargo of the Asia, upon the same principle. But the court could not undertake to say, whether, under all the circumstances of the case, settlements and agreements were evidence of a usage consistent with them; or, whether they did not proceed from a spirit of concession. voluntarily made by Consequa, for which he might have had particular reasons. It was therefore left to the jury, and I think properly so, to decide the fact one way or the other. When a usage is so established as to leave no reasonable doubt of its existence, it becomes a part of the law; and the court will decide upon it as such, without requiring it to be again proved. Most of the usages of trade, have at some period been proved as matters of fact. and when sufficiently established, they have grown into laws. The rate of interest in China, for instance, is so well established to be twelve per centum per annum, that the court would not require it to be proved.

As to the usage of the trade, attempted to be proved by Consequa, in relation to the purchase by samples, it is by no means clear, that the verdict is in opposition to the evidence. The witnesses examined to prove it, seem not to have had in view the case of an express contract, like that entered into in this case; and it would be strange indeed, if the mere examination of samples, sent by the Hong merchant to the purchaser, should amount to a rescinding of an express contract by the merchant, to deliver teas of the first quality. It would be too much to construe an act so universally practised, into a waiver of an express warranty.

The third objection to the verdict must prevail. The settlement of Consequa with Mr. Kuhn, in relation to the cargo of the Ganges, and his promise to settle upon the same principles as to the cargo of the Asia, was the only evidence to prove an usage at Canton, as to the rule of compensation, opposed to that laid down in the case of Gilpins v. Consequa [supra]. Kuhn was the witness, called to prove this settlement. The establishment of such an usage swelled the damages in one of the cases, with which the jury was then charged, and in which the witness was one of the plaintiffs. He was then a witness in his own cause, against the most sacred rules of evidence. It is no answer to say, that the verdict may have been founded upon other testimony than that of Kuhn. It is a sufficient objection, that it may have rested solely on his evidence or have been influenced by it. It was contended against the rule, that although the court should grant a new trial in the case where Kuhn was one of the plaintiffs, it is no reason for setting aside the other verdicts. To this the answer is, that Kuhn's evidence was given under the influence of an interest, which affected, equally, all the cases. If the danger of offering a temptation to perjury, be the reason for excluding an interested person from giving testimony, it is equally applicable to the cases in which Mr. Kuhn has no interest, as to that in which he had. These observations will not be considered as applicable to this respectable gentleman, otherwise than as the law applies them to all men indiscriminately, who are directly interested in the cause in which they testify.

As to the question of interest, it is unnecessary to give any opinion at this time. The right of Consequa to claim it upon he debt due by the defendant, will, under the particular circumstances of the case. deserve serious consideration should the cause be tried again. I shall be better pleased, if the parties should render this unnecessary, by a compromise upon just principles.

Rule made absolute.